■ In the Matter of GRAND CHAPTER OF PHI SIGMA KAPPA, Respondent, v. CHARLES GROSBERG et al., Constituting the Board of Zoning Appeals of the City of Troy, et al., Appellants.— STALEY, JR., J. Appeal from a judgment of the Supreme Court at Special Term, entered February 26, 1968 in Rensselaer County, in a proceeding under CPLR article 78 which annulled, vacated and set aside the decision of the Board of Zoning Appeals of the City of Troy, and directed the said board to authorize and direct the Superintendent of Buildings of the City of Troy to issue and deliver to the petitioner, a special use zoning permit allowing use of premises at No. 274 Hoosick Street as a part of the fraternity at No. 272 Hoosick Street, Troy, New York. The petitioner is the owner of the premises situate on the southeast corner of Hoosick Street & Burdett Avenue in the City of Troy, New York, known as No. 272 Hoosick Street, which premises have been used as a fraternity house since the year 1923. On August 30, 1967 the petitioner purchased the adjoining premises on the east known as No. 274 Hoosick Street, for use as a dormitory and study hall by its members as an annex to the main Chapter House at 272 Hoosick Street. On July 7, 1966 a zoning ordinance was enacted by the City of Troy, whereby the area east of Burdett Avenue and south of Hoosick Street was placed in a zone designated as R-2. A fraternity house is not a permitted use in an R-2 zone, but is a special use which may be authorized by the Board of Zoning Appeals. The petitioner filed an application with the Superintendent of Buildings of the City of Troy for a special use permit. This application was denied, and an appeal was taken to the Board of Zoning Appeals. On October 23, 1967 a public hearing was held on the application. By decision dated December 4, 1967 the Board of Zoning Appeals denied the petitioner's application for a special use permit. The Board of Zoning Appeals in denying the special use permit stated: "1. That the making of a fraternity house of the building in question will lower the value of neighboring property. 2. That the same is not compatible with the adjoining developments and will impair the character, welfare, convenience, and property values of the neighborhood in question. 3. The usual poor maintenance conditions which prevail, i.e., debris, broken fences, etc., which are so evident in some of the existent fraternity houses would not seem to point to any improvement in the near furture." Thereafter, the petitioner commenced a proceeding to review the determination of the Board of Zoning Appeals wherein the petitioner sought a judgment annulling, vacating and setting aside the determination of the board, and directing the board to issue or direct the issuance of an appropriate zoning permit. Section 4.202 of the Zoning Ordinance provides: "A Special Use shall not be authorized in any of the following cases: (1) If it shall cause

substantial injury to the value of other property where it is to be located; (2) If it does not conform with regulations applicable to the district where located; (3) If it is not compatible with adjoining development; (4) If it does not provide adequate landscaping or screening to protect adjoining areas; (5) If it does not provide offstreet parking or loading so as to minimize interference with traffic on local streets; (6) or, if it shall impair the public health, or safety, or welfare or convenience, or aesthetic or property values in the District." Special Term held that thoughtful consideration was not given by the board " to those factors which must under the subject ordinance be deemed controlling "; that the proposed use is lawful; that the findings of the majority of the board which may be considered to be revelant " are found to be most clearly without support in the evidence, and, therefore unreasonable and arbitrary." The purpose of the petitioner is to use the premises as a dormitory and study hall as an annex to the main chapter house adjacent thereto. The ordinance expressly permits dormitories and fraternities in all zoning districts as a " Special Use ", upon certain conditions. Considering the findings of the board herein we are of the opinion that they are not supported by the evidence. The findings of the board with regard to property values, compatibility and maintenance conditions are in effect a declaration by the board that a fraternity cannot be located in any of the residential areas of the City of Troy. The thrust of the ordinance is, however, to allow such use in all zones upon proper safeguards being imposed. The decision of the board amounts to a suspension of the express intent of the ordinance. Such suspensation of policy may not be upheld. The Zoning Ordinance does, however, require other appropriate conditions with regard to off-street parking spaces, landscaping and screening which appear not to have been considered by the board. For this reason the judgment of the Special Term should be modified to the extent of remitting the matter to the Board of Appeals for the purpose of issuance of the special use permit upon such proper administrative conditions as the board deems reasonable and necessary. Judgment modified, to the extent of remitting the matter to the Board of Zoning Appeals for the purpose of authorizing the issuance of a special use permit upon proper conditions as the board deems reasonable and necessary (see *Matter of New York Kappa Tau of Pi Lambda Phi* v. *Grosberg,* 30 A D 2d 888), and, as so modified, affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.